IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,427-01






EX PARTE FRANKIE LANE POLK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8100-1A IN THE 1-A DISTRICT COURT


FROM JASPER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to ten years' imprisonment. 

 Applicant contends that he is being improperly denied credit for time spent on mandatory
supervision. Applicant alleges that he is within 180 days of his presumptive release date, and that
he therefore does not have to exhaust his administrative remedies by filing his claim with the time
credit resolution system of TDCJ. See Tex. Gov't Code §501.0081(c). Applicant has alleged facts
that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d), in that it may order the Texas Board of Pardons and Paroles and/or
the Texas Department of Criminal Justice, Institutional Division to file an affidavit addressing first
whether Applicant has any prior or subsequent convictions which would render him ineligible for
street time credit. See Tex. Gov't Code §§ 508.149(a), 508.283(b),(c). If Applicant does not have
any such convictions, the affidavit should list the dates of any release(s) to parole or mandatory
supervision on this conviction, and the dates upon which any pre-revocation warrant(s) were
executed. Finally, the affidavit should state how much time was remaining on Applicant's sentence
at the time of any release(s) to parole or mandatory supervision, with how much time Applicant was
charged as being out on any unsuccessful period(s) of parole or mandatory supervision, and whether
Applicant received credit against his sentence for any such period(s). The trial court may also order
depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its
personal recollection. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant is eligible to earn street
time credit against his sentence in this cause, and as to whether Applicant is receiving all the credit
to which he is entitled. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 22, 2006

Do not publish